# United States District Court
## Northern District of Indiana
### Hammond Division

WILLIAM SPRINGER,          )
                          )
          Plaintiff,     )
                          )     Civil Action No. 3:09-CV-372-JVB
          v.             )
                          )
OFFICER HAMMERSLEY,     )
                          )
          Defendant.   )

## OPINION AND ORDER

William Springer, a *pro se* prisoner, was granted leave to proceed on a claim that Officer Vernon Hammersley, a guard at Indiana State Prison ("ISP"), failed to protect him from an attack by another inmate in violation of the Eighth Amendment. (DE 6.) The defendant moves for summary judgment based on Springer's failure to exhaust his administrative remedies and other grounds. (DE 36.) Springer has filed an opposition to the motion. (DE 42.)

Summary judgment is appropriate when "the discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986.) Not all factual disputes make summary judgment inappropriate: "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* In determining whether a genuine issue of material fact exists, the Court must construe all facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). "A court's role is not to evaluate the weight of the evidence,

to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact." *Keri v. Bd. of Trust. of Purdue Univ.*, 458 F.3d 620, 628 (7th Cir. 2006).

Under the Prison Litigation Reform Act ("PLRA"), prisoners are prohibited from bringing an action in federal court with respect to prison conditions until "such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The failure to exhaust is an affirmative defense on which the defendant bears the burden of proof. *Dole v. Chandler.*, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[U]nless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Id.* at 1023.

Here, the record shows that ISP has a two-step formal grievance process: the initial step is a written grievance submitted to the executive assistant of the facility, and the second step is an appeal to the Indiana Department of Correction ("IDOC") Offender Grievance Manager. (DE 36-1, Morton Decl. ¶¶ 11-12.) A record is kept of all offender grievances, and those records indicate that Springer filed a grievance regarding the incident giving rise to this lawsuit on September 3, 2008. (*Id.* ¶¶ 15-16.) The grievance was denied and returned to him on September 11, 2008. (*Id.* ¶ 17.) Springer thereafter submitted a grievance appeal, which was returned to him on September 19, 2008, along with a letter alerting him of various procedural problems with his grievance. (*Id.* ¶ 18; DE 36-1 at 5.) Specifically, the letter advised him that he had used the wrong form, failed to sign the form, did not include his DOC number, and sought relief that was

outside the scope of the grievance process. (DE 36-1 at 5.) The letter advised Springer that he could submit a new grievance that complied with the grievance policy. (*Id.*) ISP records show that Springer did not file a new grievance or otherwise respond to this letter. (*Id.* ¶ 19.) Accordingly, the defendant argues that Springer did not properly exhaust his administrative remedies before filing suit.

In his response, Springer does not dispute that he failed to pursue further administrative relief after he was advised of the procedural problems with his grievance. (DE 42 at 3-4.) He appears to argue that he satisfied his obligation to exhaust simply by submitting the grievance and appeal, regardless of his compliance with the prison's procedural requirements. (*Id.* at 3.) A similar argument was rejected by the Seventh Circuit in *Pozo*, wherein the Court made clear that "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo*, 286 F.3d at 1024. Any other interpretation, the Court held, "would leave § 1997e(a) without any oomph" by allowing prisoners to "thumb their noses" at the grievance process. *Id.* Here, it is clear from the record that Springer's grievance was rejected by prison officials because of his failure to comply with the grievance policy in numerous respects. Springer was advised that he could obtain further relief if he submitted a new grievance in compliance with the grievance policy, but he opted not to pursue that remedy. Springer's failure to complete the administrative process by "following the rules the state has established for that process," means that he did not properly exhaust his administrative remedies. *Id.* at 1025.

Springer also argues that he was not required to exhaust because he was seeking money damages, which were not available through the grievance process. (DE 42 at 4.) This argument has been squarely rejected by the United States Supreme Court, which held that the PLRA

requires exhaustion even if some forms of relief are not available through the grievance process, as long as some form of relief is available. *Booth v. Churner*, 532 U.S. 731, 741 (2001) ("Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit."). Here, the record shows that the facility could have granted Springer some form of relief, such as a transfer to another facility or separation from the defendant, had he properly exhausted his administrative remedies. (DE 36-1, Morton Decl. ¶ 21.) Springer also suggests that his suit should not be dismissed because of his failure to exhaust, which he deems "just a formality." (DE 42 at 4.) Notwithstanding Springer's personal opinion of the grievance process, exhaustion is a mandatory prerequisite to filing suit under the PLRA. 42 U.S.C. § 1997e(a); *Booth*, 532 U.S. at 741.

Because Springer did not properly exhaust his administrative remedies before filing this action, the case must be dismissed.[1] It is not clear that Springer has the ability to exhaust at this late date, but because the state may allow him to cure his failure to exhaust, the dismissal will be without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) ("[A]ll dismissals under § 1997e(a) should be without prejudice.").

For these reasons, this action is **DISMISSED WITHOUT PREJUDICE** pursuant to 42 U.S.C. § 1997e(a).

**SO ORDERED** on May 26, 2010.

  s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge

---

[1] Because the Court agrees that dismissal is required on exhaustion grounds, there is no need to reach the defendant's alternative arguments regarding qualified immunity and official capacity. (*See* DE 37 at 7-11.)